MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



RENEE WADE,

                         Plaintiff,

          - against -

MICHAEL J. ASTRUE,  MEMO ENDORSED
*Commissioner of Social Security*

                        Defendant.

REPORT AND
RECOMMENDATION

09 Civ. 7376 (CM) (RLE)

To the HONORABLE COLLEEN MCMAHON, U.S.D.J.:

## I. INTRODUCTION

Plaintiff Renee Wade successfully appealed the denial of her past-due disability benefits by the Social Security Administration ("SSA") to this Court. On remand, the SSA awarded benefits of $68,037.00. Wade and her counsel, Charles E. Binder, had entered into a contingent-fee agreement providing for Binder to be paid fees totaling twenty-five percent of awarded past-due benefits (which calculates to $17,009.25). The SSA should have withheld this amount from Wade's award, but only withheld $6,000. Counsel now seeks an order granting fees of $17,009.25 minus $4,799.13, which has already been awarded under the Equal Access to Justice Act ("EAJA"), resulting in an additional award of $12,210.12. For the reasons set forth below, I recommend that the fee application in the amount of $12,210.12 be **GRANTED.**

## II. BACKGROUND

Wade entered into a retainer agreement with counsel on July 24, 2009. The agreement provided that if Wade's case were remanded and she was awarded past-due benefits, counsel would "receive twenty-five percent (25%) of the past due benefits." Pl's Mem., Ex. A. On April 13, 2010, Wade appealed to this Court the Social Security Appeal Council's decision to uphold the Administrative Law Judge's ("ALJ") determination that she is not disabled under the Social

Copies mailed/faxed/handed to counsel on 9/27/12

Security Act. On remand, Wade was awarded past due benefits in the amount of $68,037.00. Binder has already received $4,799.13 in fees under EAJA. Counsel spent a total of twenty-six and three quarter (26.75) hours on Wade's appeal, of which twenty-five (25) were provided by Eddy Pierre Pierre and the remaining by Binder. Binder Aff. in Support of App. for Fees ("Aff.") 4. Counsel has made no request for fees for any administrative time.

### III. DISCUSSION

Fees for representation of Social Security Disability claimants are controlled by 42 U.S.C.A. § 406(b).[1] The statute does not prohibit contingent-fee agreements, and instead requires client's counsel to charge "a reasonable fee for representation before the court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002). A contingent-fee agreement is unreasonable if it provides for fees exceeding twenty-five percent of the past-due benefits. *Gisbrecht*, at 807; § 406(b)(1)(A). Should the contingent agreement fall within the twenty-five percent limit, the attorney "still must show that the fee sought is reasonable for the services rendered." *Id*. A fee agreement will be viewed as reasonable unless there has been fraud or overreaching, or the percentage represents a fee that exceeds the time spent by counsel on a Plaintiff's case. *Wells v. Sullivan*, 907 F.2d 367, 372 (1990) (noting that the district court should consider "whether the requested amount is so large as to be a windfall to the attorney.").[2] Courts also consider whether the attorney's representation was substandard, regardless of the Plaintiff's success. *Gisbrecht*, at 808. If the attorney is responsible for delays in the Plaintiff's case, the attorney may not reap the

---

[1] "Whenever a court renders a judgment favorable to a Plaintiff . . . the court may determine and allow . . . a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the Plaintiff is entitled." 42 U.S.C.A. §406(b)(1)(A).

[2] "In this regard, the court may require the Plaintiff's attorney to submit . . . as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the Plaintiff and a statement of the lawyer's normal hourly billing charge or noncontingent-fee cases." *Gisbrecht*, at 808.

benefits of additional time spent on the case because of such delays. *Id.* Should the court find the fee unreasonable given the circumstances, the court may order a reduction in the amount due to Plaintiff's counsel. *Wells*, at 808.

Wade was awarded $68,037.00, which would entitle Binder to $17,009.25, or twenty-five percent of her award. Binder has stated that his work, and primarily that of his associate, totals 26.75 hours. The reasonableness of rates in the Second Circuit has varied in Social Security cases. *See, e.g., Smith v. Sullivan*, 739 F.Supp. 812, 814 (S.D.N.Y. 1990) (awarding fees to attorney who charged $100 per hour in Social Security cases and worked 59.25 hours, for a total of $5,925); *Jackson v. Astrue*, No. 09 Civ. 1290 (FB), 2011 WL 1868718 (E.D.N.Y. May 16, 2011) (granting a fees application in the amount of $37,805); *Fura v. Astrue*, No. 08 Civ. 0689 (TJM), 2011 WL 1541307, *1 (N.D.N.Y. Apr. 21, 2011) (finding an award of $6,668, which supplemented an earlier award from the SSA Commissioner of $9,333.50, reasonable); *Santos v. Astrue*, 752 F.Supp.2d 412, 417-18 (S.D.N.Y. 2010) (granting a fees application in the amount of $11,073.10 for 63.1 hours worked at an average rate of $175 per hour); *Sarro v. Astrue*, 725 F.Supp.2d 364, 368 (E.D.N.Y. 2010) (reducing an award requested from 91.5 hours to 61 and awarding fees based on a pro rata share of $170.38 for work performed in 2007, $177.01 for 2008, and $177.80 for 2009, totaling a fee award of $10,974.47). Binder's experience includes "a number of years working almost exclusively on Social Security disability cases both at the administrative and [f]ederal [c]ourt level." Aff. 3. He is the Editor of the Social Security Chapter of the New York State Bar Association desk book and is an experienced lecturer in the field. His associate, Mr. Pierre Pierre, has been practicing in the field of Social Security law for sixteen years. Counsel has not included hours spent on the administrative case in his request for fees. Given (1) counsel's collective experience handling these cases, (2) the necessary

expenditures of time at the administrative level, and (3) the presumptive reasonableness of a twenty-five percent contingency fee agreement, the Court finds Binder's request of $12,210.12 to be reasonable.

## IV. CONCLUSION

For the reasons set forth above, I recommend that Wade's motion be **GRANTED**, and counsel be awarded an additional $12,210.12.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Colleen McMahon, 500 Pearl Street, Room 1350, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: September 7, 2012**
**New York, New York**

Respectfully Submitted,

*[signature]*

The Honorable Ronald L. Ellis
United States Magistrate Judge

4

Copies of this Report and Recommendation were sent to:

PLAINTIFF
Charles E. Binder
Binder & Binder P.C.
60 E. 42nd Street
Suite 520
New York, NY 10165

COUNSEL FOR DEFENDANTS
Susan Colleen Branagan
Office of the U.S. Attorney
Southern District of New York
86 Chambers Street
New York, NY 10007

9/27/2012

No objections have been filed to the Report. After review, the court adopts the Report as its opinion and grant the fee application in the amount of $12,210.12. Clerk to enter judgment and close case.

*[signature]*
USDJ

5